### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

MARY ISOM et al.                                                                PLAINTIFFS

v.                                                    CIVIL ACTION NO. 3:11-CV-657-S

WWW.ISOM.ORG                                                                DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff, Mary Isom, *pro se*, moves to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915(a)(1) in this case (DN 10).  The Court concludes that Plaintiff cannot without undue

hardship pay the fees or costs in this action.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (DN 10) is **GRANTED**.   The Court

must now conduct its initial review of the complaint pursuant to *McGore v. Wrigglesworth*, 114

F.3d 601, 608 (6th Cir. 1997).

### I.

Plaintiff names as Defendant www.ISOM.org a/k/a International School of Ministry.  She

lists additional Defendants in the body of the complaint, but only www.ISOM.org is listed in the

caption of the complaint.[1]  Her complaint is difficult to read.  It references television

programming and Plaintiff's daughter's graduation from high school in 2002.  The complaint

continues:

> The person of one who says she worked called herself Joyce Myers
> [illegible] misrepresented the very personal relationship from
> church as that representative of "Jesus and Mary Isom."  This
> represented conflict.  Her words were in [illegible] they are tr[y]ng
> to come against and make war against the "Lamb of God", which
> was one of my titles.  We suspect the organization from them

---

[1] Only persons or entities named in the caption of the complaint are parties to this action.
*See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]").

> called www.ISOM.org in act to defraud identity theft has been
> reported to Federal Trade Commission.  Also we have contacted
> F.B.I., we also believe she has cloned people directly related to me
> and has abused them as victims.

She requests monetary relief and to have www. ISOM.org shut down.

## II.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory against the website ISOM.org.  Even under the most liberal of constructions, the Court cannot discern any cognizable cause of action based on her allegations.  Plaintiff fails to place Defendant on notice as to any claim(s) against it, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), and the complaint is simply too vague and sketchy to state a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).  Additionally, this Court is not required to create a claim for Plaintiff.  *Clark v.*

*Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To do so would require the

"courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also

transform the district court from its legitimate advisory role to the improper role of an advocate

seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City

of Hampton*,775 F.2d 1274, 1278 (4th Cir. 1985).  The Court concludes that the complaint fails

to meet the pleading standards set forth in the federal rules.

## III.

For the foregoing reasons, by separate Order, the Court will dismiss the instant action.

Date:  May 25, 2012


**Charles R. Simpson III, Judge
United States District Court**

cc:    Plaintiff Mary Isom, *pro se*
       Defendant
4411.009